UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOBBY BENOIT                                                         CIVIL ACTION

VERSUS                                                               NO.  06-9999

MICHAEL J. AZTRUE,                                                   SECTION "K"(2)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

### ORDER AND REASONS

Before the Court is the "Objection to the Proposed Findings, Conclusions, and Recommendation Contained in the Magistrate Judge's Report" filed on behalf of plaintiff Bobby Benoit (Doc. 36).  The matter was taken on written briefs without oral argument.  Having reviewed the pleadings, memoranda, the entire record of the proceedings before the Social Security Administration, the Magistrate Judge's Report and Recommendation and the law, the Court finds that the objection is without merit and adopts the Magistrate Judge's Report and Recommendation as its own for the reasons that follow.

### Background

In his final decision the Commissioner of the Social Security Administration ("Commissioner") denied Bobby Benoit's claim for disability insurance benefits under the Social Security Act.  Pursuant to 42 U.S.C. §405(g), Mr. Benoit seeks judicial review of the Commissioner's decision.  The parties submitted cross motions for summary judgment to the Magistrate Judge, who issued a "Report and Recommendation" (Doc. 36) suggesting that the plaintiff's complaint be dismissed with prejudice.

Plaintiff objects to the recommended dismissal of his claim contending that the Magistrate Judge failed to properly apply List Impairment 12.04 "Affective Disorders" or 12.06 "Anxiety Related Disorders, and that the Magistrate Judge erred in finding that the Administrative Law Judge's ("ALJ") denial of benefits was based upon substantial evidence.

## Legal Standard

Under 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to two issues:  1) whether substantial evidence exists in the record as a whole to support the Commissioner's decision, and 2) whether the proper legal standards were applied in evaluating the evidence. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The Commissioner's final decision must be upheld if it is supported by substantial evidence.  42 U.S.C. § 4059g); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983)*; Richardson v. Perales* 91 S. Ct. 1420, 1427 (1971).  Substantial evidence is more than a mere scintilla, less than a preponderance; substantial evidence has also been defined as such relevant evidence as a reasonable mind might accept to support a conclusion. *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983); *Jones*, 702 F. 2d at 620.  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

In determining whether substantial evidence exists, the court must scrutinize the record and consider whatever fairly detracts from the substantiality of the evidence supporting the Commissioner's decision. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).  However, procedural perfection in administrative preceding is not required and procedural improprieties will constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the decision. *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988).  This Court may not reweigh the

evidence, try the issue do novo, or substitute its judgment for that of the Commissioner; it may only examine the record in its entirety to determine whether there is substantial evidence to support the Commissioner's decision. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91 (1992). Despite the Court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Conflicts in evidence are for the Commissioner to resolve, not the courts. *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983). Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive. *Ripley v. Cater*, 67 F.3d 552, 555 (5th Cir. 1995).

Analysis

a) Listed Impairment 12.04

Listing 12.04 "Affective Disorders" states in pertinent part:

> Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied or when the requirements in C are satisfied.
>
> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>   1. Depressive syndrome characterized by at least four of the following:
>     a. Anhedonia or pervasive loss of interest in almost all activities, or
>     b. Appetite disturbance with change of weight; or

      c. Sleep disturbance;
      d. Psychomotor agitation or retardation; or
      e. Decreased energy; or
      f. Feelings of guilty or worthlessness; or
      g. Difficulty concentrating or thinking; or
      h. Thoughts of suicide; or
      i. Hallucinations, delusions, or paranoid thinking; or

2. Manic syndrome characterized by at least three of the following:
   a. Hyperactivity; or
   b. Pressure of speech; or
   c. Flight of ideas; or
   d. Inflated self esteem; or
   e. Decreased need for sleep; or
   f. Easy distractability; or
   g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
   h. Hallucinations, delusions or paranoid thinking

. . . .

AND

B. Resulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration. . .

OR

C. Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least two years' duration that has caused more than a minimal limitation with of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

. . . .

3. Current history of 1 or more year's inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement.

4

40 C.F.R. Pt. 404, Subpt. P. App.1, 12.04.

Plaintiff contends that he satisfies the following requirements of Part B Listed Impairment 12.04: 1) marked restriction of activities of daily living; 2) marked difficulties in maintaining social functioning; and 3) marked difficulties in maintaining concentration, persistence and pace. There is substantial evidence supporting the ALJ's determination that Listing of Impairment 12.04 is not applicable to plaintiff.

The ALJ, after hearing plaintiff's testimony concerning his daily activities and ability to function socially, concluded that "I find claimant's testimony not credible as to his daily complaints of functional limitations, such as the inability to get along with others, work in stressful environments, and drive a vehicle." Doc. 10, p. 15. The ALJ's credibility determination is entitled to great deference. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). Moreover, the ALJ's credibility determination is supported by the absence in the record of objective medical evidence of such limitations or restrictions. Given the absence of marked restrictions of activities of daily living and marked difficulties in maintaining social functioning, plaintiff cannot satisfy the requirements of Part B of Listed Impairment 12.04.

Additionally, there is substantial evidence to support the ALJ's determination that plaintiff does not meet the criteria of Part C of Listed Impairment 12.04. The record lacks evidence that plaintiff's chronic affective disorder has "caused more than a minimal limitation of ability to do basic work activities. Neither Dr. Dahmes nor Dr. Mason indicated that plaintiff's mental condition caused any limitation of plaintiff's ability to engage in basic work activities. Nor is there any other medical evidence in the record supporting a conclusion that plaintiff's mental condition has more than minimally limited his ability to engage in basic work activities.

b)Listed Impairment  12.06

Plaintiff also contends that he meets Listed Impairment 12.06 "Anxiety Related Disorders" which provides in pertinent part:

> In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.
>
> The required level of severity for these disorders is net when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.
> A.  Medically documented findings of at least one of the following:
> 1.  Generalized persistent anxiety accompanied by three out of four of the following:
> a.  Motor tension; or
> b.  Autonomic hyperactivity; or
> c.  Apprehensive expectation; or
> d.  Vigilance and scanning;
>
> or
>
> 2.  A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
> 3.  Recurrent severe panic attacks manifested by the sudden unpredictable onset of intense apprehension, fear, terror, and sense of impending doom occurring on the average of at least once a week; or
> 4.  Recurrent obsessions or compulsions which are a source of marked distress;
>
> AND
>
> B.  Resulting in at least two of the following:
> 1.  Marked restriction of activities of daily living, or
> 2.  Marked difficulties in maintaining social functioning; or
> 3.  Marked difficulties in maintaining concentration, persistence, or pace; or
> 4.  Repeated episodes of decompensation, each of extended duration . . ..

No extensive analysis of this objection is necessary.  Plaintiff urges that with respect to Part

B he satisfies the requirements 1, 2, and 3.  For the reasons stated herein above, plaintiff has not demonstrated that he has marked restriction of activities of daily living or marked difficulties in maintaining social functioning.  Therefore, he cannot meet the requisites of Listed Impairment 12.06.

Having conducted a *de novo* review, the Court concurs with the Magistrate Judge's determination that the Commissioner's decision is supported by substantial evidence.  Accordingly,

**IT IS ORDERED** that plaintiff's motion for summary judgment is **DENIED** and that defendant's motion for summary judgment is **GRANTED**.

New Orleans, Louisiana, this 11th day of September, 2008.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**